# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:13-cv-00216-MR
# [CRIMINAL CASE NO. 3:09-cr-00060-MR-2]

| | |
|---|---|
| JOHNNY ENRIQUE ARROBA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court finds that the petition must be dismissed as untimely.

## I. PROCEDURAL HISTORY

On July 31, 2009, Petitioner pled guilty pursuant to a written plea agreement to two counts of bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. [Criminal Case No. 3:09-cr-00060-MR-2, Doc. 27: Plea Agreement; Doc. 28: Acceptance and Entry of Guilty Plea]. In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report

("PSR"), calculating a total offense level of 30 and a criminal history category of II, yielding an advisory sentencing guidelines range of between 108 and 135 months. [Id., Doc. 33 at 15: PSR]. On February 4, 2010, this Court sentenced Petitioner to 114 months' imprisonment on each count, to run concurrently. [Id., Doc. 36: Judgment]. Judgment was entered on February 16, 2010, and Petitioner did not appeal.

Petitioner placed the instant petition in the prison mailing system on March 20, 2013, and it was stamp-filed in this Court on April 4, 2013. [Doc. 1]. In the § 2255 petition, Petitioner contends as his sole ground for relief that his "decision to plead guilty pursuant to a plea agreement which contained stipulations to enhancements for which Petitioner was not guilty of, and based on counsel's repeated assurances of a sentence of 51-63 months, was unknowing and involuntary due to counsel's ineffectiveness." [Id. at 4].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that

no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.  DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, judgment was entered on February 16, 2010, and Petitioner did not appeal. Petitioner's conviction, therefore, became final fourteen days later on March 2, 2010, when his time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A) (effective December 9, 2009) (requiring defendant to file an appeal within fourteen days of entry of judgment). Petitioner then had until March 2, 2011, to file a timely petition. Petitioner placed the instant § 2255 petition in the prison mailing system on March 20, 2013, and it was stamp-filed in this Court on April 4, 2013. Because Petitioner did not file the instant § 2255 petition within a year of when his conviction became final, and because none of the other time periods set forth under Section 2255(f) applies, his petition is subject to dismissal as untimely under Section 2255(f)(1).

In his petition and supporting memorandum of law, Petitioner contends, in an apparent reference to 28 U.S.C. § 2255(f)(3), that the petition is timely because it was filed within one year of the Supreme Court's March 21, 2012 decision in Missouri v. Frye, 132 S. Ct. 1399 (2012), in which the Supreme Court held that the Sixth Amendment right to counsel is violated as a result of an attorney's failure to inform the

4

defendant of a plea offer from the government. The Supreme Court has not held, however, that <u>Fyre</u> established a new right retroactively applicable to cases on collateral review.[1] See <u>Pagan-San Miguel v. United States</u>, 736 F.3d 44, 45 (1st Cir. 2013) (per curiam); <u>In re Liddell</u>, 722 F.3d 737, 738 (6th Cir. 2013); <u>In re Graham</u>, 714 F.3d 1181, 1182 (10th Cir. 2013); <u>In re King</u>, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam); <u>Hare v. United States</u>, 688 F.3d 878, 880 (7th Cir. 2012); <u>Buenrostro v. United States</u>, 697 F.3d 1137, 1140 (9th Cir. 2012); <u>In re Perez</u>, 682 F.3d 930, 932-34 (11th Cir. 2012). Thus, the petition is not timely under § 2255(f)(3).

The Court further finds equitable tolling is not warranted. To be entitled to equitable tolling, Petitioner must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented

---

[1] Petitioner would not be entitled to relief under <u>Frye</u> in any event because, here, Petitioner does not contend that counsel failed to inform Petitioner of a plea offer from the Government. Rather, Petitioner contends that counsel assured him that if he pled guilty his sentence would be between 51 and 63 months. Thus, <u>Frye</u> is not applicable. Furthermore, in the written plea agreement, Petitioner was informed of the potential sentence he could receive, which was up to 25 years' imprisonment on each count, and he further agreed that he understood that "any estimation from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count." [Criminal Case No. 3:09-cr-00060-MR-2, Doc. 27 at 1-2]. Therefore, even if the petition were not time-barred, a general ineffective assistance of counsel claim under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), would likewise fail because Petitioner could not establish prejudice from counsel's alleged incorrect prediction as to Petitioner's sentence. As for Petitioner's complaint that his sentence was based on "enhancements for which [he] was not guilty," [<u>see</u> Doc. 1-1 at 7], such as using a dangerous weapon during the bank robberies, the Court was required to find, and did find, by a preponderance of the evidence the facts supporting such enhancements. <u>See</u> <u>United States v. Benkahla</u>, 530 F.3d 300, 312 (4th Cir. 2008).

5

the timely filing.  United States v. Oriakhi, 394 Fed. Appx. 976, 977 (4th Cir. 2010).  Petitioner has not shown that he was diligent in filing his § 2255 motion or that some extraordinary circumstance prevented the timely filing of his petition.  Thus, he is not entitled to equitable tolling, and the petition will be dismissed as untimely.[2]

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition as untimely.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v.

---

[2]  The Court finds that, based on Petitioner's discussion of timeliness in his petition, the rule articulated in Hill v. Braxton, 277 F.3d 701(4th Cir. 2002), has been satisfied.  In Hill v. Braxton, the Fourth Circuit found that district courts are required to advise a *pro se* petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA, and to give petitioner an opportunity to explain his delay before entering a *sua sponte* dismissal of the case.  Id. at 706.

McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 21, 2014

Martin Reidinger
United States District Judge